IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK HUNT                                                                                           PLAINTIFF

v.                                      4:22-cv-01285-KGB-JJV

RODNEY WRIGHT,
Sheriff, Saline County Jail; *et al.*                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Mark Hunt ("Plaintiff") is confined in the Saline County Detention Facility. In December 2022, he and two other detainees filed a *pro se* Complaint containing a list of fifty-two alleged constitutional violations and names six different Defendants. (Doc. 1.) On February 6, 2023, I entered an Order explaining to Plaintiff that he could not proceed with improperly joined claims in one lawsuit and pointing out several other pleading deficiencies. (Doc. 7.) I then suggested how the fifty-two claims could be combined into properly joined groups, gave Plaintiff the opportunity to file an Amended Complaint containing properly joined and pled claims, and warned him I would only screen his first properly joined claims and recommend all others be dismissed if

he did not comply with my instructions. Plaintiff has not filed an Amended Complaint, and the time to do so has passed. Thus, I will only screen his first properly joined claims.[1]

In the Complaint, Plaintiff says there is black mold, lead paint, improperly filtered air, a leaky ceiling, and other allegedly unsanitary conditions of confinement at the jail. (Doc. 1.) After careful consideration, I conclude these allegations fail to state a plausible claim for the following reasons.

First, prisoners may not bring claims on behalf of other individuals. *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties"). To have standing to bring a claim in federal court, a plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action" and that the injury will be redressed by a favorable judgment. *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022). Although I have given him the opportunity to do so, Plaintiff has not explained what conditions he <u>personally</u> endured and how he was <u>personally</u> harmed by <u>each</u> condition. Thus, he has not established standing to bring the conditions of confinement claims.

Second, there is no vicarious liability for constitutional violations. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has named Sheriff Wright, Captain Gilliam, Sergeant Hallman, Sergeant Parker, Sergeant Griffin, and unknown medical providers ("Does") as Defendants. But he has not explained how any of them violated the Constitution through his or her individual actions. Thus, he has not pled a plausible constitutional claim against any of the Defendants in their personal capacities.

Third, the claims against Defendants in their official capacities "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Saline County cannot be held vicariously liable for constitutional violations committed by its employees. *See Id.* Instead, Saline County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such allegations, Plaintiff has not pled any plausible official capacity claims.

Finally, Plaintiff's remaining improperly joined claims about Covid-19 precautions, inadequate storage for personal belongings, unsafe working conditions, inadequate medical and mental health care, limited access to books and reading material, restricted telephone access and visitation rights, and restricted access to the courts are improperly joined. *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims involve a "question of law or fact" that is "common to all defendants"). Thus, they should be dismissed without prejudice so that Plaintiff may, if he so chooses, bring them in separately filed lawsuits. *See* Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (unpublished opinion) (affirming dismissal without prejudice of unrelated claims); *Pierce v. Homecomings Fin., LLC*, No. 1:17-cv-

882-BKS-CFH, at *5 (N.D.N.Y. Feb. 1, 2018) (a *pro se* litigant cannot throw a myriad of claims at the court to "see what sticks").

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE